IN THE DISTRICT COURT IN AND FOR OKMULGEE COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| DALE MERKT, as Next of Kin of BRADLEY MERKT, Deceased,<br><br>  Plaintiff,<br><br>v.<br><br>BRIAN QUAMMEN, Deceased, and THE ESTATE OF BRIAN QUAMMEN,<br><br>  Defendants,<br><br>and<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>  UM/UIM Carrier. | Case No.: CJ-14-83<br><br>**ATTORNEY LIEN CLAIMED**<br><br>FILED IN DISTRICT COURT<br>OKMULGEE COUNTY, OKLA<br>OKMULGEE DIVISION<br><br>APR 2 3 2014<br><br>LINDA BEAVER, COURT CLERK<br>By_____Deputy |

## PETITION

Plaintiff, Dale Merkt, by and through his attorneys, TOON OSMOND, P.L.L.C., alleges and states:

1. Plaintiff, Dale Merkt, is a resident of Okmulgee County, State of Oklahoma.

2. Plaintiff is the father of Bradley Merkt, deceased, and brings this action pursuant to 12 O.S. Section 1053, *et seq.*

3. Bradley Merkt's residence was 210 East 148th Street, Glenpool, Oklahoma 74033.

4. At all relevant times, including May 8, 2012, Defendant, Brian Quammen, deceased, resided at 5935 North 260 Road, Beggs, Oklahoma 74421.

5. Venue is proper in Okmulgee County, State of Oklahoma.

6. This Court possesses subject matter jurisdiction over this action.

1



7. Pursuant to 12 O.S. § 2008(A)(2), Plaintiff states complete diversity <u>does not</u> exist. *See* 28 U.S.C. § 1332. Therefore, a federal court lacks jurisdiction and removal of this action to federal court would be improper. However, the amount in controversy is in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

8. On or about May 8, 2012, Defendant, Brian Quammen, and Bradley Merkt were traveling through Canada together by car, on their way to Oklahoma.

9. On or about May 8, 2012, Defendant drove and operated the vehicle in which Bradley Merkt was travelling as a passenger.

10. The acts and omissions of Defendant, Brian Quammen, resulted in a collision with another vehicle.

11. Defendant's acts and omissions directly and proximately caused the collision, and the wrongful death of Bradley Merkt.

12. As a result of Defendant's acts and omissions, Plaintiff and/or the survivors of Bradley Merkt incurred funeral and burial expenses.

13. As a result of Defendant's acts and omissions, Plaintiff and the survivors of Bradley Merkt suffered and continue to suffer grief, the loss of companionship, and the loss of the support, services, care, love, affection, and consortium of Bradley Merkt.

14. Defendants, Brian Quammen, deceased, and The Estate of Brian Quammen, are liable for damages pursuant to 12 O.S. Section 1053, *et seq.*, and as otherwise provided by and/or allowed for under Oklahoma law.

15. Dale and Kathleen Merkt hold policies of insurance issued by State Farm Mutual Automobile Insurance Company.

16. The policies of insurance issued by State Farm Mutual Automobile Insurance Company include uninsured/underinsured motorist coverage and benefits.

17. The policies of insurance issued by State Farm Mutual Automobile Insurance Company, which include uninsured/underinsured motorist coverage and benefits, were in effect on May 8, 2012.

18. Bradley Merkt is an insured under the policies of insurance issued by State Farm Mutual Automobile Insurance Company.

19. Dale and Kathleen Merkt are insured under the policies of insurance issued by State Farm Mutual Automobile Insurance Company.

20. Bradley Merkt sustained bodily injuries and died as a result of the negligence of Defendant, Brian Quammen, an uninsured/underinsured driver.

21. Dale and Kathleen Merkt sustained injuries and damages as a result of the negligence of Defendant, Brian Quammen, an uninsured/underinsured driver.

22. The insureds of State Farm Mutual Automobile Insurance Company are entitled to payment of uninsured/underinsured motorist coverage and benefits.

WHEREFORE, Plaintiff, Dale Merkt, prays for a judgment for money damages against Defendants, Brian Quammen and The Estate of Brian Quammen, well in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, for actual damages, plus costs, interest, attorney fees, and any and all additional damages and amounts to which Plaintiff is entitled.

Respectfully submitted,

TOON OSMOND, P.L.L.C.

_____
Rich Toon, OBA #16069
John D. Bogatko, OBA #19410
Cyrus N. Lawyer, OBA #22622
1800 South Baltimore Avenue
Tenth Floor, Suite 1000
Tulsa, Oklahoma 74119
Telephone: 918.477.7884
Facsimile: 918.477.7893
www.toonosmond.com
*Attorneys for Plaintiff*